UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE K. BROWN,

       Petitioner,                                    Case No. 1:09-CV-639

v.                                                     HON. GORDON J. QUIST

LLOYD RAPELJE,

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Bruce K. Brown, has filed Objections to Magistrate Judge Brenneman's Report and Recommendation (R & R) issued August 3, 2012, recommending that Petitioner's habeas petition be denied. The magistrate judge also addressed Petitioner's motion for discovery in the R & R, concluding that it should be denied. The magistrate judge issued a separate order on August 3, 2012, denying the motion for discovery. In his Objections, Petitioner seeks review of both the magistrate judge's denial of Petitioner's motion for discovery and the magistrate judge's recommendation that Petitioner's habeas petition be denied. The Court will treat Petitioner's Objection regarding the order denying his motion for discovery as an appeal and review it under the "clearly erroneous" standard set forth in 28 U.S.C. § 636(b)(1)(A)..

Regarding Petitioner's motion for discovery, the magistrate judge concluded that Petitioner failed to demonstrate good cause for his requested discovery as to the conviction or acquittal of Kareem Sullivan. The magistrate judge noted that the offenses of which Petitioner was convicted did not depend on the prosecution or conviction of Sullivan. The magistrate judge noted that Petitioner was convicted of conspiracy to commit armed robbery; first-degree felony murder, which

imposes vicarious liability on accomplices separate from an aiding and abetting theory; and felony firearm, based on Petitioner's possession of a firearm during the robbery.

Regarding Petitioner's habeas claims, the magistrate judge concluded that there was sufficient evidence to support Petitioner's convictions and the Michigan Court of Appeals' decision was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. (R & R at 13-14.) As for Petitioner's claim that the trial court abused its discretion by admitting the hearsay statement of Santee Franklin as a co-conspirator, the magistrate judge concluded that this claim presented only an issue of state law not cognizable in a habeas proceeding. (*Id.* at 15-16.)

After conducting a *de novo* review of the R & R, and having considered Petitioner's Objections and his petition, the Court concludes that the R & R should be adopted.

In his appeal of the magistrate judge's order denying his motion for discovery, Petitioner continues to assert that he needs discovery regarding Kareem Sullivan because "'[v]icarious liability' cannot attach in the case of an aider and abettor." (Objections at 2.) The magistrate judge properly rejected this argument because Petitioner's convictions were not premised on an aiding and abetting theory. This Court concurs with that analysis and concludes that the magistrate judge was not clearly erroneous in denying Petitioner's motion.

Regarding the magistrate judge's analysis of Petitioner's claim that there was not sufficient evidence to support his convictions, Petitioner argues that it was never proven that Kareem Sullivan was the person with whom Petitioner acted in committing the crimes and that Petitioner was never identified as being in the apartment with the decedent. These arguments lack merit, as they ignore the substantial direct and circumstantial evidence set forth in the R & R showing that Petitioner and Sullivan left the car and went into the apartment and that when they returned no more than ten

minutes later, Petitioner was holding a handgun and Sullivan was carrying a number of items.  As for Petitioner's final argument, Petitioner fails to show that the magistrate judge erred in concluding that the Michigan Court of Appeals applied the correct law to support Petitioner's convictions.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.  Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's conclusion that Petitioner's petition fails to state a meritorious claim is debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 3, 2012 (docket no. 39), is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (docket no. 40) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's August 3, 2012, Order denying Petitioner's Motion for Discovery (docket no. 38) is **AFFIRMED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: September 28, 2012 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE